A is a case in 4-17-0523, People v. Brian Wood. Appearing for the appellant is Attorney Johnson, and for the athlete is Attorney Allison Page-Brooks. Good afternoon, counsel. Mr. Johnson, are you ready to proceed? Yes, Your Honor. You may. May it please the Court, Your Justice, counsel, I'm Douglas Johnson with Johnson Law Group, and I represent the defendant appellant, Mr. Brian Wood. I am here today respectfully requesting that this Honorable Court examine the evidence admitted at trial, determine whether such evidence, if believed, would convince the average mind of the defendant's guilt beyond a reasonable doubt. As this Court is well aware, the relevant inquiry is, after viewing the evidence in the light most favorable to the prosecution, whether any rational prior fact could have found the essential elements of the crime proven beyond a reasonable doubt. We are here today submitting that this is that exceptional case in which the evidence weighs heavily against the conviction. We respectfully request that this Court vacate the verdict of guilt, finding Mr. Wood not guilty, or alternatively, grant Mr. Wood a new trial. And that's for three main reasons. First, the trial judge confused the issues here and failed to separate the facts to each victim. As such, that Court relied on evidence not admitted and evidence that should not have been considered. The trial Court stated in its order, AR testified that sometime in 2012, the defendant visually penetrated her vagina. However, AR never testified to such an act. And the charging instrument never charged such an act. This was a written opinion, a very important document finding the defendant guilty. In addition, there was a motion to reconsider sentence in this matter. Therefore, the trial judge was required to re-review the evidence, to re-review her ruling. And in doing so, we can only assume that the judge was confused with the facts, that that was considered and it shouldn't have been. Secondly, and more regarding count one, we simply submit that the evidence was insufficient. On the motion to reconsider, did you point out to the trial judge the factual errors you believe the Court made? I was not trial counsel in this case. Was it? I was not. Pointed out? It wasn't. Had that been done, it would certainly make this Court's analysis a little bit easier with that issue. Okay. But it wasn't. In bench trials, isn't the trial Court presumed to have considered only relevant admissible evidence? It is. But in light of that written opinion, it does certainly sway that the judge considered evidence that wasn't admitted in writing that specifically in the opinion. Secondly, we're asking this Court for the same relief because under count one, the corpus delicti are not present. And here, although the trial judge found K.R. to be credible, we're arguing that a contrary finding is clearly evident. That the trial judge's findings are against the manifest weight of the evidence. K.R. testified and she did so falsely. So one of the most basics of questioning being identification of herself, of identification of her own friends in a photograph. In addition, she had an inability to recall specific events, important and necessary details. And I understand that this Court wants to focus on the legal issues and not the facts of the case. But I would be remiss if I did not go through those inabilities. She wasn't able to say where the other five members of the household were located, what she was wearing. Whether the defendant was wearing clothes at all. She couldn't tell us what hand the defendant would have used to touch her. She couldn't state whether the contact lasted five seconds or five minutes. She couldn't tell us when this happened. In fact, she couldn't even testify as to what year the conduct took place. Troubling is, she did state in testimony that she did not tell Mr. McKissick, who would have been the prosecutor in the trial court, that the events happened between May and June of 2013. Yet the bill of particulars outlined that that's when this happened. Counsel, I should mention the burden on a defendant in a criminal case to demonstrate that the prior fact made a mistake, that the evidence was not sufficient to sustain a conviction, is very hard. But it seems to me it's even hardier when it's a trial court acting as the trier of fact. I don't know if it's written about this way, but I suppose judges are more inclined to view juries as subject to mistakes, mischaracterization, being swayed by arguments or passion than would be experienced trial courts. That's certainly my experience. Yet we have the trial court here as the trier of fact who looks like the court gave some serious consideration to all this. How do we, under those circumstances, simply conclude, well, judge, you heard and saw all these people. You understood the rules of evidence. You understood the burden of proof the state had to meet. You found the state admitted that you were wrong. Isn't that kind of hard? It certainly makes it tougher, Your Honor. And as this court knows that those factual issues would be under the manifest weight of the evidence. Now it's proof beyond a reasonable doubt. And we are here arguing that. But we have to conclude when this argument, the argument you're making, is that no reasonable prior fact during the evidence in a light most favorable to the state could have found that the state had proved the charge beyond a reasonable doubt. And we are arguing that the complainant's credibility was so lacking in this matter that proof could not have been proven beyond a reasonable doubt. Throughout her testimony, she answered, I don't know, 34 times when being cross-examined. Going through those transcripts, she couldn't provide those important and necessary details. And that's why we submit that this case is analogous to people being shot, because like that case, the critical evidence introduced by the state was that of the complainant. And that was the only evidence in this case. Also, the complainant's testimony, like K.R.'s, was pathically unbelievable. And we're here attacking that credibility, just as they did in that case. Just as our Supreme Court stated, a fact-finder's decision is neither conclusive nor binding on this court. A reviewing court will reverse where the evidence is so unreasonable. We believe that this is such a case. And the evidence, in considering the sufficiency of the evidence, it must include not just the evidence that's in favor of the state, but all of the evidence. And we also submit our third and final reason why this matter should be vacated, the conviction of guilt should be vacated, or this case should be remanded, is because the evidence was insufficient as to count to as well. On count to, the trial court failed entirely to consider A.R.'s motive to lie. The order-finding defendant guilty was entirely silent as to that issue. Furthermore, the court's finding or explanation as to whether the mother, Ms. Zimmer, coerced the children for financial reasons, the court's conditioning of that assertion, that it does not yield the result. It cannot be reconciled. The court found, and stated this in its written opinion, that if she made it up for money and had her children tell lies, she would have taken the entire $16,000. Further stating that she only took about one-third of the money, if she was greedy for money, she would have taken all, or at least half. The trial court's own order conditions Ms. Zimmer's credibility on the amount of money taken from the account. And under the court's own reasoning, that condition certainly does not yield the result. It's an illogical inference. In addition, A.R.'s motive to lie had not just been established through her own testimony, but it was in fact confirmed by Ms. Moore and substantiated by Ms. Meister. Tammy Moore, the mother of Jesse Moore, she testified that A.R. and her son dated for nine months. She stated that the defendant treated A.R. like his own child. That A.R. was upset that she wasn't able to attend her cosmetology classes anymore, and that A.R. was trying to figure out a way to keep attending those classes. Yet the judge's order was completely silent as to that issue. In addition, Ms. Meister, A.R.'s art teacher, testified that A.R. told her that she was moving to Pontiac about a week before she stopped coming to school, which that occurred in February, immediately before these allegations arose. And that's why we're asking this court to vacate the verdict appeal or alternatively grant Mr. Wood a new trial. In addition, and if this court does find that the sufficiency of the evidence, that the evidence is there, that this is beyond a reasonable doubt, we argue that the sentence imposed is excessive. And we're asking this court to reduce Mr. Wood's sentence or remand this case back for a hearing. And we ask that this case be remanded for a hearing because the court failed to consider a statutory mitigating factor. Which one was that? Specifically, the court failed to consider that Mr. Wood had no history of prior delinquency or criminal activity. That he had led a law-abiding life for a substantial period before the commission of this offense. Now, did the court fail to consider that factor in its entirety? Or just failed to give the amount of weight to it that you think it was, that was required? We state that the court failed to consider that factor entirely. And that's based on the court's own written opinion. The court said that it cuts both ways when she thinks about that. The court stated, you did not have the type of up-raising that we would want any of our children to have to go through. But somehow managed to really become a productive member and contributive member of society. But that's scary because I found you guilty. Further stating, so you know, that kind of cuts both ways. Unfortunately, our legislature has made it clear that it cuts one way. That it is a mitigating factor only. And that that mitigating factor must be considered. And here, by the court's own recitation, that factor was not considered. And therefore, we're asking that this be remanded for a hearing. Or the defendant's sentence be reduced. And I would be happy to answer any questions this court may have. I don't see any questions. Thank you. You'll have time in rebuttal. Thank you. Ms. Brooks. Thank you, Your Honors. May I place the court in counsel? My name is Allison Paige Brooks. I'm here on behalf of the people. This court should defer to the trial court's findings on credibility. This is a case where the judge's ruling was very dependent on credibility. Which was derived, the ruling was derived in large part based on the judge's observation of the witness's demeanor. And therefore, this is the type of case which this court should have a large amount of caution in deciding whether to adopt the defendant's request to reverse that judgment. Because this is the type of case that requires a great deal of deference to the judge's ruling. And in this case, the elements on count one, the charge was the digital penetration of the vagina of K.R. K.R. testified that the defendant's finger went in her vagina. And that testimony could be believed. It was proof of the corpus delicti. It seems like also the allegations with respect to A.R., the defendant claims that she had a motive to lie. However, that's not something that requires the trial court to disbelieve her. A reasonable trial fact could still believe her account. Particularly when the judge cites the similarities between what the defendant did to both A.R. and K.R. Who both came forward separately at different times and didn't know about the other's allegations. And that provides strong corroboration for both of their stories. And the question of whether the photograph with K.R. in it. It's not obvious to the record that K.R. understood the question as referring to whether she recognized herself in the photo. That may have been the defense attorney's attempt to elicit that fact. And she readily admitted that once the defense attorney asked her whether she was in the photograph. So it is not something where a trial fact has to infer that she was somehow a dishonest witness. Because she did not immediately say that she was in the photograph. And also it's not something that requires, especially on appeal, this court to find that her testimony with regard to the sex abuse was untruthful. Because this is something about whether she testified truthfully with regard to whether she was in a photograph, for example. That's not involving the actual offense. And the Schott case is an opposite because that case involved a recantation. And there was no recantation in this case where her K.R. statements to the child advocacy center were consistent with her statements at trial. And therefore that case is distinguishable. What about the factual inaccuracies in the court's findings that counsel had referenced? I'm not exactly entirely sure what specific thing that counsel is referring to as being inaccurate. Even if the judge makes some inaccuracies in a ruling at a bench trial, it's my understanding that due process does not kick in unless there is somehow, it's sort of like crucial to the fact at issue. Well, I suppose the first question is, do you agree with his claim that some factual misstatements or misstatements concerning the record occurred? I don't, as he said, I don't really understand the claim of the misstatement. So I can't really say that I agree with it. I don't, myself, I have not noticed any misstatements in the judge's ruling based on the transcript. But even if there were any misstatements, it would not deprive the defendant of due process for there to be a misstatement in the judge's ruling at a bench trial, unless it was crucial enough, it's my understanding, to have possibly made a difference. And here the judge was very clear that the ruling is based on the credibility of the witnesses, based on their demeanor, and was very specific as to how they testified and why the judge thought they were credible. And so therefore, I mean, that's something that this Court needs to defer to. So the defendant has not, in my opinion, established a sufficient justification for a new trial or for an outright reversal. With respect to the sentencing argument, the judge did consider the defendant's lack of a prior record as a very strong mitigating factor. That did cut one way, it cut very strongly in the defendant's favor. And it is actually, in this case, very much reflected in the sentence. The 10-year sentence, out of a range of 6 to 60, is very lenient for this sort of crime, which is an extremely serious crime of predatory criminal sexual assault of a child. What do you make of the Court's statement that it cuts both ways? I think it was directed a little bit at the idea of the defendant's upbringing. And I'm not sure he was being penalized for the type of upbringing he had, and I'm sure that that is something that was being a penalty. I think it was just merely an observation in passing that wasn't actually taken into account in the sentence. The Court is entitled to make remarks in passing a sentence, commenting on the defendant's background, for example. And I'm sure that this is an obvious, I don't think this is an obvious situation where the judge was penalizing the defendant for what should be a mitigating factor. I'm not sure that's like the Hyder type case where the defendant had like a mental disability or a developmental disability and that was taken into aggravation, for example, when the statute required it to be mitigation. I'm not sure this is sort of a similar situation where the remark is, I think he was given credit for his background, and that is reflected in the sentence. The other mitigation the defendant refers to, whether he was likely to commit another crime, I think it's very substantial that he told the mother after he was sort of caught for abusing AR that he wouldn't do it again, and then he did. That shows a little bit about his ability to avoid sex abuse of children, and that's a very telling factor that could be considered by the judge. And the defendant did have a, I think it was a physical abuse history in the pre-sentence investigation report. The allegation that this is somehow, that tends to excuse or justify the crime of predatory sexual assault of a child, that's not something the judge has to find. The judge has discretion to decide that that mid-century mitigating factor does not apply, that the physical abuse of a offender, a history in their background, does not tend to excuse or justify the sex abuse of a child. And that's something that was not required to be given any weight at all, because that mitigating factor was not clearly applicable. I would entertain other questions, otherwise I would request this Court to affirm. Thank you, Your Honor. Thank you. The final argument? Ms. Brooks states that she didn't understand the misstatements, that those misstatements would not deny due process unless they were crucial. Those misstatements are crucial in this case. It's about facts that are not in evidence. It's the judge confusing the issues, not bifurcating those facts to each victim. Those are crucial. In addition, if the judge's remarks about cutting both ways with regards to the statutory mitigating factor of living a law-abiding life, no prior criminal history, it certainly was considered by the judge, and a defendant's lack of criminal history cannot cut both ways. It's clear by our legislature that it is a mitigating factor only. And I stand upon my brief and ask this Court for the relief as we've outlined in the same. Thank you. Thank you. Thank you both. The case will be taken under advisement and a written decision shall issue. The Court stands in recess.